Matter of Owens (2019 NY Slip Op 09229)





Matter of Owens


2019 NY Slip Op 09229


Decided on December 20, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Dec. 20, 2019.)


&em;

[*1]MATTER OF DAVID L. OWENS, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 10, 1991, and he formerly maintained an office in Rochester. In November 2018, the Grievance Committee filed a petition alleging that respondent had engaged in professional misconduct, including engaging in acts of dishonesty and deceit with respect to a series of transactions in his trust account. Although respondent was personally served with the petition in October 2018, he failed to file an answer or to request from this Court an extension of time in which to do so. In December 2018, the Grievance Committee moved this Court for an order finding respondent in default, deeming admitted the allegations in the petition, and suspending respondent on an interim basis pursuant to 22 NYCRR 1240.9 (a). By order entered January 15, 2019, this Court granted that motion, suspended respondent from the practice of law, and directed him to appear and show cause before this Court why a final order of discipline should not be entered. Although respondent was personally served with the show cause order, he failed to file a written response thereto or to appear on the return date thereof. Consequently, we find respondent guilty of professional misconduct based on his admissions in this proceeding.
Respondent admits that, from June through November 2017, he issued 13 trust account checks in the total amount of $1,470 and deposited those checks into his law office operating account via an automatic teller machine. Respondent admits that, at the time he made those deposits, he knew that the balance in his trust account was insufficient to cover the 13 checks. Respondent further admits that he thereafter made withdrawals from his operating account via an automated teller machine and thereby obtained funds from the checks that he had issued from his trust account. Respondent also admits that he failed to make accurate entries in his financial records concerning the trust account transactions at issue in the petition.
We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (d) (1)—failing to maintain required records of bank accounts;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered the nature of respondent's admitted misconduct and his failure to participate in this proceeding. Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, he must sufficiently explain in that application the circumstances of his default in this matter.